**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| ISIS JONES, | ) | |
| | ) | |
| *On Behalf of Herself and All Other Similarly Situated Individuals* | ) ) | |
| | ) | Case No. _____ |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| MISS KITTY'S, INC. | ) | Jury Trial Demanded |
| | ) | |
| Defendant. | ) | |

**COLLECTIVE AND CLASS ACTION COMPLAINT**

1.  This action is styled as a hybrid collective and class action brought by Plaintiff Isis Jones ("Plaintiff"), individually, and on behalf of the members of Plaintiff's proposed classes as identified and defined below.

2.  Plaintiff and the putative class members are and/or or were employed by Defendant Miss Kitty's, Inc. ("Defendant") to work or perform as exotic dancers for, at, or in Defendant's Miss Kitty's Showgirls Club, located at 5200 Bunkum Road, Washington Park, Illinois 6224 ("Defendant's Club") during the relevant class periods set forth below.

3.  During the relevant period, Defendant has had uniform policies and practices misclassifying Plaintiff and the other members of their exotic dancer workforce at Defendant's Club as non-employee contractors and, arising from this misclassification, failing to pay Plaintiff and the proposed class members minimum wage compensation and subjecting Plaintiff and the proposed class members to unlawful kickbacks and/or wage deductions, and taking and assigning Plaintiff and the proposed class members' earned tips and gratuities in violation of the Federal Fair

Labor Standards Act, 29 USC 201, et seq. ("FLSA"), the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. Ann. 105/1, et seq. ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. 115/1, et seq. ("IWPCA").

4. During the relevant period, Defendant, on a common and class-wide basis, unlawfully denied Plaintiff and the proposed class members full and timely payment of minimum wage compensation and retention of all earned wages, tips, and gratuities in violation of the FLSA, IMWL, and IWPCA.

5. Plaintiff brings this action individually and on behalf of other similarly situated individuals that worked or performed as exotic dancers for, at, or in Defendant's Club during the applicable 3-year FLSA recovery period, as a collective action pursuant to the FLSA for the purpose of obtaining relief under the FLSA for unpaid minimum wages, recovery of unlawfully assigned or withheld earned wages, tips, and gratuities, liquidated damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate.

6. Plaintiff brings this action individually and on behalf of other similarly situated individuals that worked or performed as exotic dancers for, at, or in Defendant's Club during the applicable 3-year IMWL recovery period, as a Federal Rule 23 Class Action for the purpose of obtaining relief under the IMWL for unpaid minimum wages, recovery of unlawfully assigned or withheld earned wages, tips, and gratuities, liquidated damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate.

7. Plaintiff brings this action individually and on behalf of other similarly situated individuals that worked or performed as exotic dancers for, at, or in Defendant's Club during the applicable 10-year IWPCA recovery period, as a Federal Rule 23 Class Action for the purpose of obtaining relief under the IWPCA for unlawfully assigned or withheld earned wages, tips, and

gratuities, liquidated damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

8.  This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. §1331, this action being brought under a Federal statute, the FLSA, 29 U.S.C. §201, *et seq*.

9.  The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

10. Venue is proper pursuant to 28 U.S.C. §1391(b) and (c) in the United States District Court for the Southern District of Illinois, East St. Louis Division, because a substantial part of the events or omissions giving rise to the claims occurred within St. Clair County, Illinois, and Defendant maintains substantial and systematic contacts within St. Clair County, Illinois, within the relevant period.

## PARTIES

11. Defendant is a corporation, formed under the laws of the State of Illinois, with its principal place of business in St. Clair County, Illinois.

12. During the relevant period, Defendant owned and operated Defendant's Club as a strip club, featuring nude and semi-nude female exotic dancers performing provocative and/or erotic dances for the entertainment of Defendant's customers.

13. During the relevant period, Defendant qualified as the employer of and for Plaintiff and all individuals that worked or performed as exotic dancers for, at, or in Defendant's Club.

14. During the period relevant to his action, Defendant's managers, supervisors, and/or agents, acting on behalf of Defendant oversaw, directed, and otherwise controlled the terms and

conditions of employment of and for Plaintiff and all individuals that worked or performed as exotic dancers for, at, or in Defendant's Club.

15. During the period relevant to this action, Defendant's managers, supervisors, and/or agents, acting on behalf of Defendant, held full authority and control to set and/or modify work duties, work responsibilities, work hours, and rate and method of compensation of and for Plaintiff and all individuals that worked or performed as exotic dancers for, at, or in Defendant's Club.

16. During the period relevant to this action, Defendant's managers, supervisors, and/or agents, acting on behalf of Defendant, had full power and authority to hire, fire, and/or discipline and/or alter the conditions of employment of and for Plaintiff and all individuals that worked or performed as exotic dancers for, at, or in Defendant's Club.

17. During the period relevant to this action, exotic dancer work duties performed by Plaintiff and all individuals that worked or performed as exotic dancers for, at, or in Defendant's Club was ongoing and at-will and not *ad hoc* and/or limited to a discrete time or special assignment.

18. During the period relevant to this action, Plaintiff and all individuals that worked or performed as exotic dancers for, at, or in Defendant's Club performed exotic dancer employment duties at Defendant's management and/or supervisors' direction and instruction for the primary benefit of Defendant.

19. During the period relevant to this action, Plaintiff and all individuals that worked or performed as exotic dancers for, at, or in Defendant's Club did so for Defendant's benefit at Defendant's Club location in Washington Park, Illinois.

20. Plaintiff is an adult resident and domiciliary of Illinois.

21.     Plaintiff has attached her written consent to participate in this Collective Action seeking recovery of unpaid wages, statutory liquidated damages, and attorney's fees and costs against Defendant under the FLSA.  See Plaintiff's FLSA Consent attached hereto as Exhibit 1.

## CLASS DEFINITIONS

22.     Plaintiff brings this action on behalf of herself and all other similarly situated employees in the FLSA Minimum Wage Class, as authorized under the FLSA, 29 U.S.C. § 216(b). The FLSA Minimum Wage Class is defined as follows:

> All persons who worked or performed as exotic dancers for, in, or at Defendant's Club, during the period April 2020 through the date of judgment in this case (hereafter, "the FLSA Minimum Wage Class").

23.     Plaintiff brings this action on behalf of herself and all other similarly situated employees in a sub-class under the IMWL pursuant to FED.R.CIV.P. 23. The IMWL sub-class is defined as follows:

> All persons who worked or performed as exotic dancers for, in, or at Defendant's Club, during the period April 2020 through the date of judgment in this case (hereafter, "the IMWL Sub-Class").

24.     Plaintiff brings this action on behalf of herself and all other similarly situated employees in a sub-class under the IWPCA pursuant to FED.R.CIV.P. 23. The IWPCA sub-class is defined as follows:

> All persons who worked or performed as exotic dancers for, in, or at Defendant's Club, during the period April 2013 through the date of judgment in this case (hereafter, "the IWPCA Sub-Class").

25.     The FLSA Minimum Wage Class, the IMWL Sub-Class, and the IWPCA Sub-Class are referred to collectively hereinafter as the "the Classes" and the individual members of the FLSA Minimum Wage Class, the IMWL Sub-Class, and the IWPCA Sub-Class are collectively referred to herein as "Plaintiff's Proposed Class Members."

## FACTUAL ALLEGATIONS

26. Plaintiff was employed by Defendant to work or perform as an exotic dancer for, at, or in Defendant's Club, during the period of about 2015 through about March 10, 2023.

27. More than one hundred (100) individuals are or were employed by Defendant to work or perform as exotic dancers for, at, or in Defendant's Club, during the FLSA Minimum Wage Class period, April 2020, through the date of judgment in this case.

28. More than one hundred (100) individuals are or were employed by Defendant to work or perform as exotic dancers for, at, or in Defendant's Club, during the IMWL Sub-Class period, April 2020, through the date of judgment in this case.

29. More than one hundred (100) individuals are or were employed by Defendant to work or perform as exotic dancers for, at, or in Defendant's Club, during the IWPCA Sub-Class period, from April 2013, through the date of judgment in this case.

30. While employed, the number of shifts Plaintiff and Plaintiff's Proposed Class Members worked or performed per week as exotic dancers for, at, or in Defendant's Club was subject to the selection and discretion of Defendant and its ownership and management.

31. While employed, Plaintiff customarily worked or performed as an exotic dancer for, at, or in Defendant's Club about three (3) to six (6) shifts per week, for an average total of about twenty (20) to forty (40) hours per week.

32. While employed, Defendant had actual knowledge of all shifts and hours Plaintiff and Plaintiff's Proposed Class Members worked each week.

33. At no time did Defendant ever pay Plaintiff or Plaintiff's Proposed Class Members any wages for hours Plaintiff or Plaintiff's Proposed Class Members worked or performed as exotic dancers for, at, or in Defendant's Club each week.

34. At all times, the only earned money, wages, and/or compensation Plaintiff or Plaintiff's Proposed Class Members received while working or performing as exotic dancers for, at, or in Defendant's Club each week was in the form of tips and/or gratuities paid directly from Defendant's customers to Plaintiff or Plaintiff's Proposed Class Members.

35. At all times, Defendant misclassified Plaintiff and Plaintiff's Proposed Class Members as non-employee contractors while Plaintiff and Plaintiff's Proposed Class Members worked or performed as exotic dancers for, at, or in Defendant's Club.

36. Plaintiff and Plaintiff's Proposed Class Members qualified as Defendant's employees, as the term is defined under the FLSA, IMWL, and IWPCA, at all times while Plaintiff and Plaintiff's Proposed Class Members worked or performed as exotic dancers for, at, or in Defendant's Club.

37. At all times during relevant, Defendant had the full right and authority to control all aspects of the job duties Plaintiff and Plaintiff's Proposed Class Members performed as exotic dancers for, at, or in Defendant's Club through employment rules and workplace policies that were enforced at the sole discretion of Defendant's managers.

38. At all times relevant, Defendant controlled the method by which Plaintiff and Plaintiff's Proposed Class Members could earn money while working or performing as exotic dancers for, at, or in Defendant's Club by controlling and dictating if, when, and during what shifts Plaintiff and Plaintiff's Proposed Class Members were permitted to work, establishing dance orders, setting customer prices on private and semi-private exotic dances, and setting private and semi-private dance specials and promotions for customers.

39. At all times relevant, Defendant required Plaintiff and Plaintiff's Proposed Class Members to perform private and semi-private dances for, at, or in Defendant's Club under the

pricing guidelines, policies, procedures, and promotions set exclusively by Defendant.

40. Prior to and/or during the relevant period, Defendant hired Plaintiff and/or Plaintiff's Proposed Class Members to work or perform as exotic dancers for, at, or in Defendant's Club, and throughout Plaintiff and Plaintiff's Proposed Class Members' employment period, Defendant held and retained full authority and ability to discipline, fine, and/or fire Plaintiff and Plaintiff's Proposed Class Members, and/or adjust Plaintiff and Plaintiff's Proposed Class Members' work or shift schedules.

41. At all times relevant, Defendant, through managers and supervisors, supervised the exotic dancer work duties performed by Plaintiff and Plaintiff's Proposed Class Members, for, at, or in Defendant's Club, to make sure Plaintiff and Plaintiff's Proposed Class Members' exotic dancer job performances and performance of associated and/or related exotic dancer work duties were of sufficient quality.

42. Prior to and/or during the relevant period, Defendant conducted initial interviews, auditions, and vetting for Plaintiff and Plaintiff's Proposed Class Members and, at Defendant's sole discretion, Defendant's management could deny Plaintiff or Plaintiff's Proposed Class Members access or ability to work or perform as exotic dancers for, at, or in Defendant's Club.

43. At all times relevant, Defendant had full right and authority to suspend or send Plaintiff or Plaintiff's Proposed Class Members home or away from Defendant's Club if Defendant believed any Plaintiff or any of Plaintiff's Proposed Class Members violated Defendant's rules or policies and/or if Defendant's management, at their discretion, did not want Plaintiff or any of Plaintiff's Proposed Class Members to work or perform as an exotic dancer for, at, or in Defendant's Club.

44. Prior to and/and during the relevant period, as a condition of employment with

Defendant as an exotic dancer working or performing for, at, or in Defendant's Club, Defendant did not require Plaintiff or Plaintiff's Proposed Class Members to have or possess any requisite certification, education, or specialized training.

45.     At all times relevant, Defendant was in the business of operating a strip club featuring female exotic dancers and it was Plaintiff's and Plaintiff's Proposed Class Members' primary job duty for Defendant to work or perform as exotic dancers for, at, or in Defendant's Club, for the entertainment of Defendant's customers.

46.     At all times relevant, in addition to failing to pay Plaintiff or Plaintiff's Proposed Class Members wages for hours each worked or performed as exotic dancers for, at, or in Defendant's Club, Defendant required Plaintiff and Plaintiff's Proposed Class Members to pay Defendant and/or its management a mandatory fee or kickback of about $45.00 or more for each shift Plaintiff and Plaintiff's Proposed Class Members worked or performed as exotic dancers for, at, or in Defendant's Club.

47.     At all times relevant, Defendant required Plaintiff and Plaintiff's Proposed Class Members to pay and/or assign to Defendant a portion of the tips and/or similar payments Plaintiff and Plaintiff's Proposed Class Members received from Defendant's customers including, but not limited to, a $20.00 payment to Defendant for each private dance performed and a $175.00 payment to Defendant for each "VIP Dance" performed.

48.     At all times relevant, Defendant required Plaintiff and Plaintiff's Proposed Class Members to pay and/or assign a mandatory portion of the tips Plaintiff and Plaintiff's Proposed Class Members received from Defendant's customers to Defendant's DJ ($20.00 per shift) and Defendant's "door guy" ($10.00 per shift and $20 per VIP dance).

49.     At all times relevant, Defendant had actual or constructive knowledge that its failure

to pay any wages to Plaintiff and Plaintiff's Proposed Class Members for hours Plaintiff and Plaintiff's Proposed Class Members worked or performed as exotic dancers for, at, or in Defendant's Club was in direct violation of the FLSA and the IMWL minimum wage compensation requirement.

50. At all times relevant, Defendant had actual or constructive knowledge that its charging and/or assessment of per-shift entrance fees and charging and/or assignment of Plaintiff and Plaintiff's Proposed Class Members' earned tip wages and/or similar earned money from private dances and/or VIP dances performed by Plaintiff and Plaintiff's Proposed Class Members for Defendant's own use related to its overhead and business operation expenses was in direct violation of the IWPCA wage deduction prohibition and/or the IWPCA prohibition against employers keeping gratuities.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

51. Plaintiff brings her FLSA claims in this action on behalf of herself and members of the FLSA Minimum Wage Class, each of whom, during the period April 2020, through the present, work(ed) and/or perform(ed) as an exotic dancer for, at, or in Defendant's Club, and was (i) misclassified by Defendant as a non-employee contractor; (ii) was not paid direct wages from Defendant for hours worked at or above the Federal Minimum Wage rate; and (iii) was subject to unlawful kickback deductions and/or unlawful tip assignments in violation of the FLSA.

52. The FLSA claims of Plaintiff stated herein against Defendant are the same or substantially similar to the FLSA claims of the members of the FLSA Minimum Wage Class.

53. Plaintiff and the FLSA Minimum Wage Class seek relief on a collective basis and challenge Defendant's policies and practices which lead to the class wide FLSA wage payment violations herein identified.

## RULE 23 CLASS ALLEGATIONS

54. Plaintiff brings her IMWL and IWPCA state law claims as a Class Action in sub-classes under FED. R. CIV. P. 23 for violations of the IMWL and IWPCA occurring as to the IMWL Sub-Class, on or after April 2020, through the date of judgment in this case, and for the IWPCA Sub-Class, on or after April 2013, through the date of judgment in this case.

55. The members of the IMWL and IWPCA Sub-Classes are readily ascertainable from records in Defendant's possession, custody, or control.

56. The IMWL and IWPCA Sub-Classes are each so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within Defendant's sole custody or control, upon information and belief, there are at least one hundred (100) members in the IMWL and IWPCA Sub-Classes.

57. Plaintiffs' IMWL and IWPCA claims of the IMWL and IWPCA claims of the members of the IMWL and IWPCA Sub-Classes arise from Defendant's (i) class-wide misclassification of Plaintiff and the members of the IMWL and IWPCA Sub-Classes as non-employee contractors; (ii) failure to pay direct wages to Plaintiff and the members of the IMWL and IWPCA Sub-Classes at an hourly rate at least equal to the applicable Illinois Minimum Wage rate; (iii) charging and/or deductions of kickbacks and/or per-shift "house fees" from Plaintiff and the members of the IMWL and IWPCA Sub-Classes; and (iv) deductions and/or assignments of tips and/or gratuities from Plaintiff and the members of the IMWL and IWPCA Sub-Classes.

58. Plaintiff's IMWL and IWPCA claims are typical of those claims which could be alleged by any member of the IMWL or IWPCA Sub-Classes and the relief sought is typical of

the relief which would be sought by each member of the IMWL and IWPCA Sub-Classes in separate actions.

59. Plaintiff and the members of the IMWL and IWPCA Sub-Classes sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures perpetrated by Defendant during the relevant period in violation of the IMWL and the IWPCA.

60. Plaintiff and Plaintiff's counsel can fairly and adequately protect the interests of the members of the IMWL and IWPCA Sub-Classes and have no interests antagonistic to the members of the IMWL or IWPCA Sub-Classes.

61. There are questions of fact and law common to the IMWL and IWPCA claims belonging to Plaintiff and the members of the IWPCA and IWPCA Sub-Classes that predominate over any questions affecting only individual members, such as:

   a) Whether Plaintiff and the members of the IMWL and IWPCA Sub-Classes were Defendant's employees under the IMWL and the IWPCA;

   b) Whether Defendant violated the IMWL and the IWPCA by failing to fully and timely pay Plaintiff and the members of the IMWL and IWPCA Sub-Classes direct wages at the applicable Illinois Minimum Wage rate for all hours worked;

   c) Whether Defendant violated the IMWL and the IWPCA by charging a kickback "house fee" against Plaintiff and the members of the IMWL and IWPCA Sub-Classes each shift worked;

   d) Whether Defendant violated the IMWL and the IWPCA by deducting tips and/or gratuities received by Plaintiff and the members of the IMWL and IWPCA Sub-Classes and keeping and/or assigning payment of the same to Defendant's non-dancer assignees; and

62. A class action divided into IMWL and IWPCA Sub-Classes is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs bringing claims under the IMWL and/or IWPCA lack the financial resources to vigorously prosecute separate lawsuits in Federal Court, particularly those with relatively small claims.

63. The questions set forth above related to the IMWL and IWPCA claims by Plaintiffs and the members of the IMWL and IWPCA Sub-Classes predominate over any questions affecting only individual persons, and a class action divided into IMWL and IWPCA sub-classes promotes consistency, economy, efficiency, fairness and equity, compared to other available methods for the fair and efficient adjudication of the claims.

## CAUSES OF ACTION

### COUNT I
### VIOLATION OF THE FLSA
**(Failure to Pay Statutory Minimum Wages)**

64. Plaintiff hereby incorporates all the preceding paragraphs by reference as if fully set forth herein.

65. The FLSA required Defendant to pay Plaintiff and all members of the FLSA Minimum Wage Class at an hourly rate at least equal to the Federal Minimum Wage for all compensable hours worked, free and clear of kickbacks and wage deductions.

66. The FLSA required that Defendant allow Plaintiff and all members of the FLSA Minimum Wage Class to keep all tips and gratuities received from customers.

67. As set forth above, Defendant failed to pay Plaintiff and all members of the FLSA Minimum Wage Class direct wages for all compensable hours worked at hourly rates in compliance with the FLSA Federal Minimum Wage requirements.

68. As set forth above, without legal excuse or justification, Defendant kept and/or assigned to management tips and gratuities received by Plaintiff and the members of the FLSA Minimum Wage Class and belonging to Plaintiff and the members of the FLSA Minimum Wage Class.

69. Defendant's failure to pay Plaintiff and the members of the FLSA Minimum Wage Class as required by the FLSA was willful, knowing, intentional, and was not in good faith.

### COUNT II
### VIOLATION OF ILLINOIS MINIMUM WAGE LAW OF 1964
**(Failure to Pay Statutory Minimum Wage)**

70. Plaintiff hereby incorporates all the preceding paragraphs by reference as if fully set forth herein.

71. The IMWL required Defendant to pay Plaintiff and all members of the IMWL Sub-Class at an hourly rate at least equal to the Illinois Minimum Wage rate for all compensable hours worked, free and clear of kickbacks and deductions.

72. The IMWL required that Defendant allow Plaintiff and all members of the IMWL Sub-Class to keep all tips and gratuities received from Defendant's customers.

73. As set forth above, Defendant failed to pay Plaintiff and all members of the IMWL Sub-Class direct wages for all compensable hours worked at hourly rates in compliance with the IMWL Illinois Minimum Wage requirements.

74. As set forth above, without legal excuse or justification, Defendant kept and/or assigned to Defendant's management and/or non-dancer vendors portions of the tips and gratuities Plaintiff and the members of the IMWL Sub-Class earned and received from Defendant's customers that belonged to and/or qualified as the personal earned property of Plaintiff and the members of the IMWL sub-class.

## COUNT III
## VIOLATIONS OF ILLINOIS WAGE PAYMENT AND COLLECTION ACT

75. Plaintiff hereby incorporates all the preceding paragraphs by reference as if fully set forth herein.

76. As set forth above, during the relevant period, Defendant charged Plaintiffs and the members of the IWPCA Sub-Class a mandatory fee or charge of approximately $45.00 or more per shift as a mandatory condition of working and performing as exotic dancers at Defendant's Club, each shift.

77. As set forth above, during the relevant period, Defendant assessed charges, deductions, or withholding from the earned tip wages earned and belonging to Plaintiff and the members of the IWPCA Sub-Class for Defendant's use and benefit related to the operation of Defendant's Club, during the relevant period.

78. At no time did Plaintiff or any members of the IWPCA Sub-Class provide Defendant with a written authorization and/or written permission to deduct money or earned gratuities for Defendant's use or benefit related to the operation of Defendant's Club.

79. Pursuant to IWPCA, 820 Ill. Comp. Stat. 115/1, et seq., Defendant was obligated to pay and/or permit Plaintiff and the members of the IWPCA Sub-Class to keep all monies, gratuities, and wages earned arising from their employment as exotic dancers at or in Defendant's Club.

80. Defendant's unlawful deduction and withholding of gratuities, monies, and/or wages earned by Plaintiffs and the members of the IWPCA Sub-Class arising from their employment as exotic dancers for, at, or in Defendant's Club constitutes an unlawful conversion and violations of the IWPCA.

## RELIEF SOUGHT

WHEREFORE, Plaintiff, individually and on behalf of Plaintiff's Proposed Class Members, pray for relief against Defendant, as follows:

A. Permitting Plaintiff's claims under the IMWL and IWPCA to proceed in Sub-Classes as a Class Action under Federal Rule of Civil Procedure 23;

B. Permitting this case to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the putative plaintiffs at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

C. Judgment against Defendant for failing to pay free and clear minimum wage compensation to Plaintiffs and other members of IMWL Sub-Class;

D. Judgment against Defendant for unlawful deductions and/or withholding of gratuities, monies, and wages earned by Plaintiff and other members of the IWPCA Sub-Class;

E. Judgment against Defendant for failing to pay free and clear minimum wage compensation to Plaintiff and the members of the FLSA Minimum Wage Class;

F. Judgment against Defendant for unlawfully taking and/or assigning tips and gratuities belonging to Plaintiff and Plaintiff's Proposed Class Members;

G. Judgment that Defendant's violations of the FLSA minimum wage requirements were knowing, willful, intentional, and not the product of good faith on the part of Defendant;

H. An award to Plaintiff and all of Plaintiff's Proposed Class Members in the amount of all free and clear unpaid wages found to be due and owing to Plaintiff and all of Plaintiff's Proposed Class Members;

I. An award to Plaintiff and each of Plaintiff's Proposed Class Members in the amount of all monies, wages, and tips and gratuities unlawfully deducted, taken, and/or assigned by

Defendant and/or Defendant's management;

J. An award of statutory liquidated damages and interest in amounts prescribed by the IMWL;

K. An award of statutory liquidated damages and/or interest in amounts prescribed by the IWPCA;

L. An award of statutory liquidated damages in amounts prescribed by the FLSA;

M. An award of attorneys' fees and costs to be determined by post-trial petition;

N. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

O. Such further relief as may be necessary and appropriate.

Dated:  April 24, 2023                          Respectfully submitted,

    */s/ Athena M. Herman*
**Lead Counsel for Purposes of SDIL-LR 5.1(a)**
Athena M. Herman, Esq., ARDC 6243625
416 Main Street, Suite 811
Peoria, Illinois 61602
Telephone:  (309) 966-0248
Email:  athena@athenahermanlaw.com

    */s/ Gregg C. Greenberg*
Gregg C. Greenberg, VA Bar No. 79610
(To be Admitted by Pro Hac Vice)
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Telephone:  (301) 587-9373
Email:  GGreenberg@ZAGFirm.com

*Counsel for Plaintiff and the Class / Collective*

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| ISIS JONES<br><br>*On Behalf of Herself and All Other Similarly Situated Individuals*<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>MISS KITTY'S, INC.<br><br>　　　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CONSENT TO ACT AS NAMED PLAINTIFF IN AN FLSA COLLECTIVE ACTION

1. I was employed by Miss Kitty's, Inc. ("Defendant"), to work or perform as an exotic dancer at or in Defendant's Miss Kitty's Showgirls during the period April 2020, through the present.

2. I consent and agree to pursue my claims for recovery of earned and unpaid wages, earned and deducted and/or assigned tips, statutory liquidated damages, and attorney's fees and costs against Defendant in the above-captioned lawsuit.

3. I understand the above-captioned lawsuit is brought on behalf of myself and other similarly situated individuals against Defendant under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.

4. I hereby consent and agree to act as a named plaintiff and representative on behalf of all similarly situated individuals that may join, be joined, or opt-in to this action, and designate Athena Herman Law, LLC, and Zipin, Amster & Greenberg, LLC, and other lawyers they may choose to associate with, to represent me and all similarly situated individuals that may join, be joined, or opt-in to this action, for all purposes in this action.

FULL NAME: Isis Jones

SIGNATURE: s/ Isis Jones
Isis Jones (Apr 20, 2023 13:54 CDT)

DATE: Apr 20, 2023

EXHIBIT 1