## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

ISIS JONES                  *

*On Behalf of Themselves and*    *
*Others Similarly Situated*      *

       PLAINTIFF,      *

v.                      *    Case No. 3:23-cv-1327-MAB

MISS KITTY'S, INC.       *

       DEFENDANT.     *

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## PLAINTIFF JONES' FIRST SET OF INTERROGATORIES
## TO DEFENDANT MISS KITTY'S, INC.

Plaintiff Isis Jones ("Plaintiff") hereby requests that Defendant Miss Kitty's, Inc. ("Defendant") respond with fully responsive verified answers to each of the following interrogatories within 30 days of service and deliver said verified responses to the law offices of Zipin, Amster & Greenberg, LLC c/o Gregg C. Greenberg, Esq., 8757 Georgia Avenue, Suite 400, Silver Spring, Maryland 20910.

## INSTRUCTIONS

(a)      *Manner of Answering.* If you are unable to answer any interrogatory in full, please explain why you are unable to answer it, state the nature of the information and knowledge you cannot furnish, and answer to the fullest extent possible.

(b)      *In Case of Ambiguity.* If in responding to these interrogatories you encounter any ambiguity in construing any interrogatory, instruction, or definition, set forth the matter deemed ambiguous and the construction used in responding.

(c)      *Objections.* If an objection to an interrogatory is based upon a claim of privilege, attorney work product, or any other basis, please identify in writing each piece of information or document so withheld by providing the following information:

(i)     that author(s), addressee(s), present custodian and date of all such information or documents;

(ii)    all other persons who have seen or learned of all or part of any such information or documents;

(ii)    the method by which and reason why each such person obtained access to such information or documents;

(iv)    a description of each subject discussed, described, or referred to in such information or document;

(v)    the nature of the privilege asserted and any statutes, rules, or cases that you contend support the assertion of privilege.

(d)    *Continuing Nature of Interrogatories.* These interrogatories are continuing in character so as to require you to promptly amend or supplement your response if you obtain further material.

(e)    *Identification of Persons Assisting with Answers.* In answering each interrogatory, identify each person who assisted in preparing the answer or provided information or documents contained in the answer. The identification should include the person's name, title, duties, and responsibilities and that person's role in preparing the answer. The identification should also indicate what information the individual provided and whether the information provided is within his or her knowledge or was obtained from some other person or source. If the information is obtained from another person or source, the source should also be identified.

(f)    *Lost or Destroyed Documents.* If the original of any document that relates to any issue addressed in these interrogatories has been lost, discarded, or destroyed, please furnish a list identifying each such document as completely as possible, including, without limitation, the following information: its author and addressee, each person to whom copies of the document were furnished or to whom the contents thereof were communicated, a summary of the substance of the document, the date (or approximate date) of its disposal, the manner of its disposal, the reason for its disposal, the person authorizing its disposal, and the person disposing of the document.

## DEFINITIONS

As used in these requests, the following terms are to be interpreted in accordance with these definitions:

(a)     Unless otherwise specified, the terms "*person*" or "*persons*" shall mean the plural as well as the singular and shall include any natural person, alive or deceased, any firm, partnership, joint venture, joint stock company, unincorporated association or society, municipal or other corporation, any state, its agencies or political subdivisions, any court, the Federal Government, any other government entity or any form of legal entity.

(b)     The terms "*you*" and "*your*" include the person or entity to whom this First Set of Interrogatories is addressed, and that person or entity's agents, servants, representatives, or attorneys.

(c)     The terms "*Plaintiffs*" and "*each Plaintiff*" refer to the Plaintiffs in this case and specifically include any Plaintiff that may be joined or opted in to this action at any time after the service of these Interrogatories.

(d)     The term "*document*" or "*documents*" means the original and all non-identical copies of any written, recorded, graphic, or other matter, however produced or reproduced, including, but not limited to, notes, letters, e-mails, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, charts, plans, drawings, sketches, maps, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, motion picture film, brochures, pamphlets, advertisements, circulars, press releases, drafts, and all other writings.  The term document refers to any item in electronically readable form regardless of the manner in which the document is stored and whether or not the document has been saved, archived, or deleted.   It includes, but is not limited to, email communication.

(e)     The term "*communications*" or "*communication*" means oral, written or electronic communication, whether as correspondence, memoranda, reports, records of telephone calls, records or minutes of any meeting, and all other forms of oral, written, or electronic expression by which information may be conveyed.

(f)     The term "*this matter*" shall refer to all matters alleged in this case.

(g)     The term "*identify,*" when used in reference to a natural person, shall mean to state the person's:

      (i)     Full name;

      (ii)     Present or last known business and residence addresses;

      (iii)     Present or last known business and residence telephone numbers; and

        (iv)     Date of birth, or if unknown, their approximate age.

(h)     The term "*identify,*" when used in reference to a document or correspondence, shall mean to state:

        (i)     A description of the type of document (*e.g.*, letter, memorandum, telegram, email, text message, fax, etc.);

        (ii)     The identity of the person(s) who authored or prepared it;

        (iii)     In the case of an agreement or contract, the identity of the signatory party(ies);

        (iv)     The identity of the addressee(s), if any, and the recipient(s) of the original and any copy thereof;

        (v)     The title thereof, if any, and a description of the general nature of its subject matter;

        (vi)     The date on the document, and/or the approximate date of its preparation;

        (vii)     The manner of distribution and publication, if any;

        (viii)     The present location or custodian or, if unknown, the last location or custodian of the original and each copy thereof;

        (ix)     The identity of any person(s) who can identify it;

        (x)     Whether such documents or correspondence contained, enclosed, accompanied or were attached to any other documents, and if so, describe in detail said other documents.

(i)     The term "*identify,*" when used in reference to any communication, shall mean to state:

        (i)     The date(s) of each communication;

        (ii)     The identity of the person(s) to whom each communication is made;

        (iii)     The identity of the person(s) making each communication;

        (iv)     A description of the circumstances under which each communication was made (*e.g.*, meeting, conversation, interview, etc.);

        (v)     The means by which each communication was made;

(vi)     The substance of each communication, quoting where possible; and

(vii)    The reason(s) for which each communication was made.

(j)      The term "Miss Kitty's" refers to the business(es) featuring female exotic dancers located at 5200 Bunkum Road, Washington Park, Illinois 62204, including but not limited to Miss Kitty's Gentlemen's Club.

(k)      The term "*class member*" means all persons who worked as an exotic dancer for, at, or in Miss Kitty's during the period 2013, through the present.

**NOTE: CONSULT THE INSTRUCTION AND DEFINITION SECTIONS BEFORE RESPONDING TO THESE INTERROGATORIES.**

## <u>INTERROGATORIES</u>

1.      Identify the individual(s), entity, or entities that have owned, held a financial interest, managed or operated Miss Kitty's located at 5200 Bunkum Road, Washington Park, Illinois, between 2013 and the present. For each entity listed, identify: (a) the ownership, management, or operational role each identified individual and/or entity has or had, and (b) every individual and/or entity who is or was involved in the management and/or supervision activities of Miss Kitt's.

**RESPONSE**:


2.      *Identify* and provide full contact information including addresses, emails, and phone numbers for each person that has worked or performed as an owner, officer, member, manager, supervisor, employee, exotic dancer, DJ, or independent contractor for, at, or in Miss Kitty's at any time between 2013 through the present.  In your response, *identify* all job titles each identified individual has, had, and/or currently holds at or with Miss Kitty's.

**RESPONSE:**

5

3.      Is it Defendants' factual position that Plaintiff and all other exotic dancers that worked or performed as exotic dancer for, at, or in Miss Kitty's during the period 2013 through the present was/were and is/are independent contractor(s) and were never either Defendant's employee(s) as the term is defined under the Federal Fair Labor Standards Act and/or Illinois Law? If so, describe in detail all facts that support your contention that such individuals were independent contractors.

**RESPONSE:**

4.      During the period 2013 through the present, did Defendant classify any exotic dancer that worked or performed for, at, or in Miss Kitty's as an employee, or were Plaintiff and all other exotic dancers that worked or performed for, at, or in Miss Kitty's during the period 2013 through the present classified as independent contractors?  If any exotic dancers were classified as employees or in any manner other than as independent contractors, set forth who made that factual distinction and the factual basis for why that or those dancers were classified differently.

**RESPONSE:**

5.      During the period 2013 through the present, were any exotic dancers working or performing for, at, or in Miss Kitty's subjected to different policies and/or practices regarding pay, treatment, or control (in any way) compared to the other exotic dancers working or performing for, at, or Miss Kitty's?   If so, identify the exotic dancer or dancers that were paid, treated, and/or controlled differently and describe how and/or why the exotic dancer or dancers were paid, treated, and/or controlled differently.

**RESPONSE:**

6.      Provide a detailed factual summary of any research, investigation, or third-party advice or consultation Defendant received at any time prior to the filing of the initial Complaint in this matter regarding whether exotic dancers working or performing for, at, or in Miss Kitty's were or are employees or independent contractors for purposes of the Federal Fair Labor Standards Act and the Illinois wage and hour laws.  In your response, (a) identify the approximate date and location of any responsive research, investigation, third-party advice or consultation; and (b)   identify the witnesses that have first-hand knowledge of any responsive research, investigation, third-party advice or consultation.

**RESPONSE:**


7.      During the period 2013 through the present, did any Defendant ever discipline, suspend, exclude, terminate, or otherwise forbid any exotic dancer from working or performing as an exotic dancer for, at, or in Miss Kitty's?   If so, identify the exotic dancer or dancers that were disciplined, suspended, excluded, terminated, or otherwise forbidden from working or performing as an exotic dancer for, at, or in Miss Kitty's and describe how and/or why the exotic dancer or dancers were disciplined, suspended, excluded, terminated, or otherwise forbidden from working or performing for, at, or in Miss Kitty's.

**RESPONSE:**

8.      For the period 2013 through the present, separately state by shift and by week, the total hours Plaintiff worked or performed as an exotic dancer for, at, or in Miss Kitty's.

**RESPONSE:**


9.      Identify and describe the method and manner by which Plaintiff and other individuals working or performing as exotic dancers for, at, or in Miss Kitty's during the period 2013, through the present were compensated by Defendant and/or earned money for working or performing as exotic dancers for, at, or in Miss Kitty's.  In your response, set forth and explain the nature of each component of compensation paid (e.g., wages, bonuses, etc.) and the calculation you used for each component of compensation paid (e.g. hourly would be hours multiplied by rate paid; day rate would be day rate multiplied by days worked; salary would be the same amount week by week).


10.     For the period 2013 through the present, separately state by shift and by week, the total amount of compensation Defendants paid to Plaintiff.  In your response, set forth and explain the nature of each component of compensation paid (e.g., wages, bonuses, etc.) and the calculation you used for each component of compensation paid (e.g. hourly would be hours multiplied by rate paid; day rate would be day rate multiplied by days worked; salary would be the same amount week by week).

**RESPONSE:**

11.     Identify and describe any material difference in the rate of pay and/or methodology by which Plaintiff was compensated and/or earned money for working or performing as an exotic dancer for, at, or in Miss Kitty's as compared to other individuals working or performing as exotic dancers for, at, or in Miss Kitty's during the period 2013, through the present.

**RESPONSE:**

12.     For the period 2013 through the present, separately state by shift and by week, the total amount of money Plaintiff paid to and/or for the benefit of Defendant, any agent of any Defendant, and/or any assignee of any Defendant as a "tip in," "stage fee," "house fee," "lease fee," and/or any similar payment paid by an exotic dancer to and/or for the benefit of Defendant as a condition of working or performing as an exotic dancer for, at, or in Miss Kitty's.

**RESPONSE:**

13.     For the period 2013 through the present, separately state by shift and by week, the total amount of money Plaintiff paid to and/or for the benefit of Defendant, any agent of Defendant, and/or any assignee of Defendant as a "split," "disbursement," and/or any similar payment paid by an exotic dancer to and/or for the benefit of Defendant arising from and/or relating to Plaintiff performing a private or semi-private dance for the benefit and/or entertainment of a customer at or in Miss Kitty's.

**RESPONSE:**

14      For the period 2013 through the present, separately state by shift and by week, the total amount of money Plaintiff paid to and/or for the benefit of Defendant, any agent of Defendant, and/or any assignee of Defendant as a "tip out," "tip assignment," and/or any similar payment paid by an exotic dancer to and/or for the benefit of any employee, contractor, and/or vendor of Defendant.

**RESPONSE:**


15.      Does Defendant contend it is entitled to an offset or set-off against any amount Plaintiff may be due in this action?  If yes, *identify* all facts that support such a contention and provide a detailed calculation of how such facts will constitute an offset against amounts due to that individual and identify all documents that relate thereto.

**RESPONSE:**



16.      For the period 2013 through the present, identify all workplace rules, guidelines, norms, practices, or policies set by Defendant relating to the compensation, fees, schedules, work duties, and/or behavior of exotic dancers working or performing for, at, or in Miss Kitty's.  In your response, identify any documents that memorialize or record such rules, guidelines, norms, practices, or policies.

**RESPONSE:**

10

17.    For the period 2013 through the present, identify the approximate monthly cost of operating Miss Kitty's.  In your response, identify, with specificity, Miss Kitty's typical monthly expenses (e.g. insurance, advertising, electric, food, beverages, etc.) and the approximate monthly cost of each identified expense.

**RESPONSE:**


18.    For the period 2013 through the present, identify all banks, credit unions, and/or similar financial institutes with whom Defendant held a banking relationship.

**RESPONSE:**


19.    For the period 2013 through the present, identify all entities with whom any individual and/or entity operating Miss Kitty's held a contractual relationship for processing credit card payments from customers at Miss Kitty's.

**RESPONSE:**


20.    For the period 2013 through the present, identify all mediums (e.g. jukebox, computer, DJ) by or through which Defendant streamed and/or played music in or at Miss Kitty's to which exotic dancers working or performing for, at, or in Miss Kitty's performed and/or danced for the entertainment of customers.  In your response, identify all vendor contracts held by Defendant for the playing and/or streaming of music.

**RESPONSE:**

11

21.     For the period 2013 through the present, identify all providers by or through which Miss Kitty's streamed and/or displayed televised and/or pay per view events in or at Miss Kitty's for the entertainment of customers.  In your response, identify all vendor contracts held by Defendant for the streaming and/or display of televised and/or pay per view events.

**RESPONSE:**


22.     For the period 2013 through the present, identify all providers by or through which any individual and/or entity operating Miss Kitty's purchased food and/or beverages for sale to customers.  In your response, identify all vendor contracts held by Defendant for the sale of food and/or beverages.

**RESPONSE:**


23.     For the period 2013 through the present, identify all outlets and mediums through which or by which Miss Kitty's advertised, including advertisements to recruit exotic dancers. In your response: (a) identify the particular newspaper, magazine, radio station, television station, website, social media outlet, or other source used for advertising; (b) the individuals who, on behalf of Defendant, participated in crafting the advertisement and selecting the medium for the advertisement; (c) the date or date range Defendant ran or published each identified advertisement; and (d) the cost for each advertisement.

**RESPONSE:**

24.     For the period 2013 through the present, identify all outlets and mediums through which or by which Miss Kitty's advertised, including advertisements to attract customers.  In your response: (a) identify the particular newspaper, magazine, radio station, television station, website, social media outlet, or other source used for advertising; (b) the individuals who, on behalf of Defendant, participated in crafting the advertisement and selecting the medium for the advertisement; (c) the date or date range Defendant ran or published each identified advertisement; and (d) the cost for each advertisement.

**RESPONSE:**

Dated:  August 16, 2023                    Respectfully submitted,

ATHENA HERMAN LAW, LLC

_/s/ *Athena M. Herman*_____
Athena M. Herman, Esq., ARDC No. 6243625
416 Main Street, Suite 811
Peoria, Illinois 61602
Telephone: (309) 966-0248

Email:  athena@athenahermanlaw.com

ZIPIN, AMSTER & GREENBERG, LLC

__/s/ *Gregg C. Greenberg*_____
Gregg C. Greenberg, Admitted *Pro Hac Vice*
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Telephone: (301) 587-9373
Fax: (240) 839-9142
Email:  ggreenberg@zagfirm.com

*Counsel for Plaintiff and the Class/Collective*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 16th day of August 2023, a copy of this First Set of Interrogatories was served on counsel for Defendants by electronic mail and by first-class mail, postage pre-paid, on:

Mark S. Peebles, Esq.
Peebles & Associates, LLC
111 W. Washington
Belleville, Illinois 62220

*/s/ Gregg C. Greenberg*
Gregg C. Greenberg
