IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ISIS JONES | * |
| | * |
| *On Behalf of Themselves and* | * |
| *Others Similarly Situated* | * |
| | * |
| PLAINTIFF, | * |
| | * |
| v. | *  Case No. 3:23-cv-1327-MAB |
| | * |
| MISS KITTY'S, INC. | * |
| | * |
| DEFENDANT. | * |

**PLAINTIFF JONES' FIRST SET OF DOCUMENT REQUESTS
TO DEFENDANT MISS KITTY'S, INC.**

Plaintiff Isis Jones ("Plaintiff") hereby requests that Defendant Miss Kitty's, Inc. ("Defendant") respond with written responses and a document production fully responsive to each of the following document requests within 30 days of service and deliver said verified responses to the law offices of Zipin, Amster & Greenberg, LLC c/o Gregg C. Greenberg, Esq., 8757 Georgia Avenue, Suite 400, Silver Spring, Maryland 20910.

**INSTRUCTIONS**

(a) You are required to serve your responses to the following discovery requests within 30 days after service, unless a shorter or longer time is ordered by the Court or agreed to in writing by the parties.

(b) You are required to produce all documents that are in the possession, custody, or control of the party upon whom the request is served. Thus, you must produce all documents which are in your possession, custody, or control, or the possession, custody, or control of any of your agents, attorneys, or employees.

(c) If any documents requested herein are not produced as requested, please identify any such document and specify with particularity the reasons why it cannot be produced.

(d) If no documents exist which are responsive to a particular request, please state that in your response.

(e) This Request for Production of Documents is continuing in nature and should be updated promptly as additional documents are obtained.

(f) If an objection to a request is based upon a claim of privilege, attorney work product, or any other basis, please identify in writing each piece of information or document so withheld by providing the following information:

    (i) the author(s), addressee(s), present custodian and date of all such information or documents;

    (ii) all other persons who have seen or learned of all or part of any such information or documents;

    (iii) the method by which, and reason why, each such person obtained access to such information or documents;

    (iv) a description of each subject discussed, described or referred to in such information or document;

    (v) the nature of the privilege asserted and any statutes, rules or cases that you contend support the assertion of privilege.

(g) In the event that you withhold any document from production on the ground that it is privileged or otherwise non-discoverable, or if you are unable to produce the document as requested, so state in each response and specify the basis for any objection or inability to produce the document(s) as requested.

(h) For each document withheld from production, provide a list specifying: (i) the title and date of the document; (ii) the subject matter of the document; (iii) the recipient or person(s) to whom the document was addressed, including title, business name, business address, and last known home address; (iv) the last known location of the document, including the identification and location of files in which the original and any copies are normally kept; (v) the custodian of the document, including name, title, business name, business address, and last known home address if different from business address; and (vi) the substance or content of the document, if known.

(i) If you perceive any ambiguities in a request, instruction, or definition, set forth the matter deemed ambiguous and the construction used in answering.

(j) If the original of any document requested has been lost, discarded, or destroyed, please furnish a list identifying each such document as completely as possible including without limitation, the following information: its author and addressee, each person to whom a copy of the document was furnished or to whom the contents thereof were communicated, a summary of the substance of the document, the date (or approximate date) of its disposal, the manner of its disposal, the reason for its disposal, the person authorizing its disposal, and the person disposing

of the document.

(k) Unless otherwise indicated, these requests refer to the time, place, and circumstances of the matters mentioned or complained of in the pleadings.

(l) Emails and other electronically stored information should be produced with Optical Character Recognition ("OCR") searchable text. Production should occur as single- or multi-page TIFFs with load files for e-discovery software (i.e., DAT and OPT files), including metadata fields identifying natural document breaks and companion OCR and/or extracted text files. To the extent necessary, the parties may work together cooperatively to identify an alternate production format.

(m) The following metadata fields should be produced for emails and other electronically stored information: document type; custodian and duplicate custodians; author/from; recipient/to, cc and bcc; title/subject; file name and size; original file path; date and time created, sent, modified and/or received; hash value; bates beg/end value.

(n) Payroll, timekeeping, and other primarily quantitative data should be produced as native files or in a format capable of export to a relational database (e.g., .csv). Other files that are not easily converted to image format, should be produced in native format.

## DEFINITIONS

(a) The terms *identify*, *identity*, or *identification*:

(1) when used in reference to a natural *person*, means that *person's* full name, last known address, home and business telephone numbers, and present occupation or business affiliation;

(2) when used in reference to a *person* other than a natural *person* (that is, whether it is a corporation, limited liability company, partnership, etc. under the definition of *person* below), means the *person's* last known address, telephone number, and principal place of business;

(3) when used in reference to any *person* after the *person* has been previously properly *identified* means the *person's* name;

(4) when used in reference to a *document*, requires you to state the date, the author (or, if different, the signer or signers), the addressee, and the type of *document* (*e.g.*, letter, memorandum, telegram, chart, etc.) or to attach an accurate copy of the *document* to your answer, appropriately labeled to correspond to the interrogatory; and

(5) when used in reference to a communication, meeting, act, occurrence, *statement*, or conduct, means and requires a description of the substance of the event or events constituting such act and the date when such act occurred, the *identification* of each and every *person* participating in such act, the *identification* of all other *persons* present when such act occurred, the *identification* of any minutes, notes, memoranda or other record of

3

such act if made, and the ***identification*** of the ***person(s)*** presently having possession, custody, or ***control*** of each ***document***.

(b)     The term ***person*** includes an individual, general or limited partnership, joint stock company, unincorporated association or society, municipal or other corporation, incorporated association, limited liability partnership, limited liability company, a State, an agency or political subdivision of the State, a court, and any other governmental entity.

(c)     The terms "Plaintiffs" and "Plaintiff" refer to the Plaintiffs in this case and specifically include any Plaintiff that may be joined or opted in to this action at any time after the service of these Interrogatories.

(d)     The terms ***you*** and ***your*** include the person to whom these interrogatories are addressed and all of that ***person's*** employees, agents, servants, representatives, or attorneys.

(e)     The terms ***documents***, ***records***, and ***writings*** are intended to have the broadest possible meaning and include, without limitation, anything coming within the scope of discovery set forth in the Federal Rules. As used herein, the term ***document*** means, without limitation, the following items whether printed or written or reproduced by any other mechanical process or written or produced by hand: agreements, communications, reports, correspondence (including e-mail), telegrams, facsimiles, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or records of any meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, motion picture film, brochures, pamphlets, advertisements, circulars, press releases, graphs, letters, accounts, objects, minutes of directors or committee meetings, inter- and intra-office communications (including e-mail), studies, written forecasts, projects, analyses, contracts, guarantee agreements, licenses, ledgers, books of accounts, vouchers, bank checks, invoices, charge slips, expense account reports, hotel charges, receipts, freight bills, working papers, drafts, statistical records, cost sheets, abstracts of bids, stenographers' notebooks, calendars, appointment books, time sheets or logs, job or transaction files, computer files, computer printouts or papers or electronic files or memory similar to any of the foregoing, any marginal comments appearing on any ***document***, and any other ***writings***.

(f)     The term ***statement*** means: 1) a written statement signed or otherwise adopted or approved by the ***person*** making it, or 2) a stenographic, mechanical, electrical, electronic, or other recording, or a transcription thereof, that is a substantially verbatim recital of an oral statement by the person making it and contemporaneously recorded.

(g)     The phrases ***which relate*** or ***relating to*** means directly mentioning or describing, pertaining to, being connected with, or reflecting upon a stated subject matter.

(h)     Without limiting the term ***control***, a ***document*** is deemed to be within ***your control*** if ***you*** at any time have had any ownership, possession, or custody of the ***document***, or the right to

4

secure the ***document*** or copy thereof from any ***person*** having physical possession thereof, including agents, attorneys, or other parties, whether or not it was generated by ***you***.

(i) The phrase ***the present*** shall mean the date of your response to these interrogatories.

(j) The term "Miss Kitty's" refers to the business(es) featuring female exotic dancers located at 5200 Bunkum Road, Washington Park, Illinois 62204, including but not limited to Miss Kitty's Gentlemen's Club.

(k) The term "*class member*" means all persons who worked as an exotic dancer for, at, or in Miss Kitty's during the period 2013, through the present.

## DOCUMENTS REQUESTED

1. All documents identified, referred to, or utilized in any way in compiling Defendant's Answers to Plaintiff's First Set of Interrogatories.

2. All documents that relate to Plaintiff, any future opt-in Plaintiff, and any future class member's work and/or performances as an exotic dancer for, at, or in Miss Kitty's during the period 2013 through the present.

3. All documents identifying, describing, or referring to pay (including payroll wages, cash wages, tips, service charges, fringes, and benefits) paid by any Defendant to Plaintiff, any future opt-in Plaintiff, and any future class member for and/or in exchange for working or performing as an exotic dancer for, at, or in Miss Kitty's during the period 2013 through the present.

4. All documents setting forth or describing the shifts and/or hours Plaintiff, any future opt-in Plaintiff, and any future class member worked or performed each day and each week for, at, or in Miss Kitty's during the period 2013 through the present.

5. Any document upon which Defendant relies or relied on supporting its assertion, if it so asserts, that Defendant's alleged failure to pay wages to Plaintiff, any future opt-in Plaintiff, or any future class members as alleged in this action is or was proper, reasonable, or the product of good faith.

5

6. All documents containing or related to any agreements between Plaintiff, any future opt-in Plaintiff, and/or any future class member any Defendant arising from and/or relating to any her work and/or performance as an exotic dancer for, at, or in Miss Kitty's during the period 2013 through the present.

7. Copies of any W2 or 1099 issued by Defendant to Plaintiff, any future opt-in Plaintiff, and any future class member for or relating to the period 2013 through the present.

8. All communications (including, but not limited to, emails, written correspondence, social media messages, and texts) between Defendant (including its agents, representatives, managers, employees, and assigns) and Plaintiff, each future opt-in Plaintiff, and each future class member during the period 2013 through the present.

9. Any document Defendant intends to use or refer to for the purpose of arguing or suggesting that Plaintiff, any future opt-in Plaintiff, and/or any future class member is or are not entitled to recovery of wages or damages as alleged in this matter.

10. Any document utilized and/or referred to by Defendant to determine whether exotic dancers working or performing for, at, or in Miss Kitty's during the period 2013 through the present were properly classified as independent contractors and not as employees. This request specifically includes any opinion or advice document (from any source, including attorneys) regarding wage payment obligations under the Federal Fair Labor Standards Act and/or the Illinois wage and hour laws.

11. Any document stating, memorializing, and/or summarizing any policy in effect at or in Miss Kitty's during the period 2013 through the present, related to exotic dancers' payment of fees, fines, charges, kickbacks, assignments, or deductions and/or assignments of any monies while (or as a condition of) working or performing as an exotic dancer for, at, or in Miss Kitty's.

6

12. Any document describing, memorializing, or recording each time Plaintiff, any future opt-in Plaintiff, or any future class member signed in and/or "tipped in" (paid an entrance fee, surcharge, or kickback to Defendant or any assignee of Defendant) for and/or in exchange for working or performing as an exotic dancer for, at, or in Miss Kitty's during the period 2013 through the present.

13. Any document describing, memorializing, or recording each time Plaintiff, any future opt-in Plaintiff, or any future class member signed out and/or "tipped out" (paid a tip assignment, fee, surcharge, or kickback to or for the benefit of any Defendant or assignee of Defendant) for and/or in exchange for working or performing as an exotic dancer for, at, or in Miss Kitty's during the period 2013 through the present.

14. Any document describing, memorializing, or recording each time Plaintiff, any future opt-in Plaintiff, or any future class member performed a private or semi-private dance or performance for a customer at or in Miss Kitty's during the period 2013 through the present.

15. Any document describing, memorializing, or recording how each charge and/or fee paid by each customer for each private or semi-private dance was split and/or divided between exotic dancers and Defendant and/or Defendant's agents or assignees for each private or semi-private dance or performance for customers at or in Miss Kitty's during the period 2013 through the present.

16. Any document describing, memorializing, or recording the expected weekly work or performance schedule for exotic dancers working or performing for, at, or in Miss Kitty's during the period 2013 through the present.

17. Any document setting forth or memorializing workplace rules, guidelines, norms, practices, or policies for exotic dancers working or performing for, at, or in Miss Kitty's during the period 2013 through the present.

18. Any document setting forth or memorializing rules, guidelines, norms, practices, or policies relating to compensation for exotic dancers working or performing for, at, or in Miss Kitty's during the period 2013 through the present.

19. Any document and/or computer image or advertisement used to advertise or recruit exotic dancers to work or perform for, at, or in Miss Kitty's during the period 2013 to the present.

20. Any document and/or computer image or advertisement used to advertise or recruit customers to patronize Miss Kitty's during the period 2013 through the present.

21. Any document reflecting or relating to any discipline imposed by Defendant during the period 2013 through the present, on Plaintiff, any future opt-in Plaintiff, or any future class member, including but not limited to warnings, suspensions, exclusions, terminations, or prohibitions on working or performing as an exotic dancer for, at, or in Miss Kitty's.

22. Any ledger, worksheet, or document documenting or memorializing all transactions for, at, or in Miss Kitty's during the period 2013 through the present. This document must be produced in an ESI format that will allow Plaintiff to see and track the date and substance of any changes made on or to the document.

23. All daily cash register "Z" Tapes or Micros or other Point of Sale system report(s) that summarize daily sales for all terminals and cash registers at or in Miss Kitty's during the period 2013 through the present.

24. All weekly, monthly, and annual profit and loss reports and worksheets for or relating to Miss Kitty's for the period 2013 through the present.

25. Documents for the period 2013 through the present, that identify, by week, the total gross revenue or sales for, at, or in Miss Kitty's attributable to check, credit card, electronic, or other non-cash sales and/or transactions.

26. Documents for the period 2013 through the present, that identify, by week, the total gross revenue or sales for, at, or in Miss Kitty's attributable to cash sales and/or transactions.

27. Documents for the period 2013 through the present, that identify, by week, the total expenditures or operating costs for Miss Kitty's that were paid or satisfied using check, credit card, electronic, or other non-cash transactions.

28. Documents for the period 2013 through the present, that identify, by date and amount, all bank and/or financial institution transactions (deposits and withdrawals) made by any Defendant in this action arising from and/or relating to Miss Kitty's and/or its operations.

29. Defendant's State and Federal Tax Returns for the calendar years 2013 through the present.

Dated:  August 16, 2023

Respectfully submitted,

ATHENA HERMAN LAW, LLC

   /s/ *Athena M. Herman*
Athena M. Herman, Esq., ARDC 6243625
416 Main St, Suite 811
Peoria, Illinois 61602
Telephone: (309) 966-0248
Email:  athena@athenahermanlaw.com

ZIPIN, AMSTER & GREENBERG, LLC

  /s/ *Gregg C. Greenberg*
Gregg C. Greenberg, Admitted *Pro Hac Vice*
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Telephone: (301) 587-9373
Fax: (240) 839-9142
Email:  ggreenberg@zagfirm.com

*Counsel for Plaintiff and the Class/Collective*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of August 2023, a copy of this First Set of Document Requests was served on counsel for Defendant by electronic mail and by first-class mail, postage pre-paid, on:

Mark S. Peebles, Esq.
Peebles & Associates, LLC
111 W. Washington
Belleville, Illinois 62220

*/s/ Gregg C. Greenberg*
Gregg C. Greenberg