IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ISIS JONES<br><br>*On behalf of Themselves and Others Similarly Situated*<br><br>PLAINTIFF,<br><br>v.<br><br>MISS KITTY'S, INC.<br><br>DEFEDANT. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 3:23-cv-1327-MAB<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW Defendant, Miss Kitty's, by and through its attorney, Mark S. Peebles, in response to Plaintiff Isis Jones' First Set of Documents Requested.

### DOCUMENTS REQUESTED

1. All documents identified, referred to, or utilized in any way in compiling Defendant's Answers to Plaintiff's First Set of Interrogatories.

RESPONSE: See Attached

2. All documents that relate to Plaintiff, any future opt-in Plaintiff, and any future class member's work and/or performances as an exotic dancer for, at, or in Miss Kitty's during the period 2013 through the present.

RESPONSE: See Attached

3. All documents identifying, describing, or referring to pay (including payroll wages, cash wages, tips, service charges, fringes, and benefits) paid by any Defendant to

Plaintiff, any future opt-in Plaintiff, and any future class member for and/or in exchange for working or performing as an exotic dancer for, at, or in Miss Kitty's during the period 2013 through the present.

RESPONSE: None

    4.    All documents setting forth or describing the shifts and/or hours Plaintiff, any future opt-in Plaintiff, and any future class member worked or performed each day and each week for, at, or in Miss Kitty's during the period 2013 through the present.

RESPONSE: See Attached

    5.    Any document upon which Defendant relies or relied on supporting its assertion, if it so asserts, that Defendant's alleged failure to pay wages to Plaintiff, any future opt-in Plaintiff, or any future class members as alleged in this action is or was proper, reasonable, or the product of good faith.

RESPONSE: None

    6.    All documents containing or related to any agreements between Plaintiff, any future opt-in Plaintiff, and/or any future class member any Defendant arising from and/or relating to any her work and/or performance as an exotic dancer for, at, or in Miss Kitty's during the period 2013 through the present.

RESPONSE: See Attached

    7.    Copies of any W2 or 1099 issued by Defendant to Plaintiff, any future opt-in Plaintiff, and any future class member for or relating to the period 2013 through the present.

RESPONSE: None

8. All communications (including, but not limited to, emails, written correspondence, social media messages, and texts) between Defendant (including its agents, representatives, managers, employees, and assigns) and Plaintiff, each future opt-in Plaintiff, and each future class member during the period 2013 through the present.

RESPONSE: None

9. Any document Defendant intends to use or refer to for the purpose of arguing or suggesting that Plaintiff, any future opt-in Plaintiff, and/or future class member is or are not entitled recovery of wages or damages as alleged in this matter.

RESPONSE: None

10. Any document utilized and/or referred to by Defendant to determine whether exotic dancers working or performing for, at, or in Miss Kitty's during the period 2013 through the present were properly classified as independent contractors and not as employees. This request specifically includes any opinion or advice document (from any source, including attorneys) regarding wage payment obligations under the Federal Fair Labor Standards Act and/or the Illinois wage and hours laws.

RESPONSE: None

11. Any document stating, memorializing, and/or summarizing any policy in effect at or in Miss Kitty's during the period 2013 through the present, related to exotic dancers' payment of fees, fines, charges, kickbacks, assignments, or deductions, and/or assignments of any monies while (or as a condition of) working or performing as an exotic dancer for, at, or in Miss Kitty's.

RESPONSE: See Attached

12. Any document describing, memorializing, or recording each time Plaintiff, any future opt-in Plaintiff, or nay future class member signed in and/or "tipped-in" (paid an entrance fee, surcharge, or kickback to Defendant or any assignee of Defendant) for an/or in exchange for working or performing as an exotic dancer for, at, or in Miss Kitty's during the period 2013 through the present.

REPSONSE: Only stage rental

13. Any document describing, memorializing, or recording each time Plaintiff, any future opt-in Plaintiff, or any future class member signed out and/or "tipped-out" (paid a tip assignment, fee, surcharge, or kickback to or for the benefit of any Defendant or assignee of Defendant) for and/or in exchange for working or performing as an exotic dancer for, at, or in Miss Kitty's during the period 2013 through the present.

RESPONSE: None

14. Any document describing, memorializing, or recording each time Plaintiff, any future opt-in Plaintiff, or any future class member performed a private or semi-private dance or performance for a customer at or in Miss Kitty's during the period 2013 through the present.

RESPONSE: None

15. Any document describing, memorializing, or recording how each time each charge and/or fee paid by each customer for each private or semi-private dance was split and/or divided between exotic dancers and Defendant and/or Defendant's agents or assignees for each private or semi-private dance or performance for customers at or in Miss Kitty's during the period 2013 through the present.

RESPONSE: None

16. Any document describing, memorializing, or recording the expected weekly work or performance schedule for exotic dancers working or performing for, at, or in Miss Kitty's during the period 2013 through the present.

RESPONSE: None

17. Any document setting forth or memorializing workplace rules, guidelines, norms, practices, or policies for exotic dancers working or performing for, at, or in Miss Kitty's during the period 2013 through the present.

RESPONSE: See Attached

18. Any document setting forth or memorializing rules, guidelines, norms, practices, or policies relating to compensation for exotic dancers working or performing for, at, or in Miss Kitty's during the period 2013 through the present.

RESPONSE: None

19. Any document and/or computer image or advertisement used to advertise or recruit exotic dancers to work or perform for, at, or in Miss Kitty's during the period 2013 through the present.

RESPONSE: None

20. Any document and/or computer image or advertisement used to advertise or recruit customers to patronize Miss Kitty's during the period 2013 through the present.

RESPONSE: None

21. Any document reflecting or relating to any discipline imposed by Defendant during the period 2013 through the present, on Plaintiff, any future opt-in Plaintiff, or any future class member, including but not limited to warnings, suspensions, exclusions, terminations, or prohibitions on working or performing as an exotic dancer for, at, or in Miss Kitty's.

RESPONSE: See Attached

22. Any ledger, worksheet, or document documenting or memorializing all transactions for, at, or in Miss Kitty's during the period 2013 through the present. This document must be produced in an ESI format that will allow Plaintiff to see and track the date and substance of any changes made on or to the document.

RESPONSE: Defendant reserves the right to supplement.

23. All daily cash register "Z" Tapes or Micros or other Point of Sale system report(s) that summarize daily sales for all terminals and cash registers at or in Miss Kitty's during the period 2013 through the present.

RESPONSE: Such records are not in the Defendant's possession.

24. All weekly, monthly, and annual profit and loss reports and worksheets for or relating to Miss Kitty's for the period 2013 through the present.

RESPONSE: Defendant reserves the right to supplement.

25. Documents for the period 2013 through the present, that identify, be week, the total gross revenue or sales for, at, or in Miss Kitty's attributable to check, credit card, electronic, or other non-cash sales and/or transactions.

RESPONSE: See Tax Returns

26. Documents for the period 2013 through the present, that identify, by week, the total gross revenue for sales for, at, or in Miss Kitty's attributable to cash sales and/or transactions.

RESPONSE: See Tax Returns

27. Documents for the period 2013 through the present, that identify, by week, the total expenditures or operating costs for Miss Kitty's that were paid or satisfied using check, credit card, electronic, or other non-cash transactions.

RESPONSE: See Tax Returns

28. Documents for the period 2013 through the present, that identify, by date and amount all bank and/or financial institution transactions (deposits and withdrawals) made by any Defendant in this action arising from and/or relating to Miss Kitty's and/or its operations.

RESPONSE: See Tax Returns

29. Defendant's State and Federal Tax Returns for the calendar years 2013 through the present.

RESPONSE: See Attached

Respectfully Submitted,

_____
Mark S. Peebles #06225823
Peebles & Associates, LLC.,
111 W. Washington Street
Belleville, Illinois 62220
(Phone) 618-235-8301
(Fax) 618-235-8673
peebleslaw@outlook.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29th day of September 2023, a copy of this First Set of Document Requests was served on counsel for Plaintiff by electronic mail and by first-class mail, postage pre-paid, on:

Athena M. Herman, Esq.
416 Main Street, Suite 811
Peoria, Illinois 61602
Telephone: (309) 966-0248
Email: athena@athenahermanlaw.com

Gregg C. Greenberg
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Telephone: (301) 587-9373
Email: ggreenberg@zagfirm.com

_____
Mark S. Peebles