IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN STRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| ISIS JONES )<br>)<br>*On Behalf of Herself and All Other* )<br>*Similarly Situated Individuals* )<br>) <br>Plaintiff, )<br>v. )<br>)<br>MISS KITTY'S, INC. )<br>)<br>Defendant. ) | Case No. 3:23-cv-01327-MAB |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
ON LIABILITY AS TO CLASS-WIDE ILLINOIS STATE LAW CLAIMS**

Plaintiff Isis Jones ("Plaintiff") submits her Reply to Defendant Miss Kitty's, Inc.'s ("Defendant") Response in Opposition to Plaintiff's Motion for Partial Summary Judgment as to Class-Wide Illinois State Law Claims ("Defendant's Response").[1]

---

[1] In her Motion, Plaintiff seeks Summary Judgment adjudication finding that (a) Defendant qualified as Plaintiff and Class Members' employer under the IMWL; (b) Defendant qualified as Plaintiff and Class Members' employer under the IWPCA; (c) Defendant violated Plaintiff and Class Members' rights under the IMWL by charging Plaintiff and Class Members an unlawful "kickback" in the form of a "stage rental fee" each shift Plaintiff and Class Members worked as exotic dancers within Defendant's Miss Kitty's Gentlemen's Club; (d) Defendant violated Plaintiff and Class Members' rights under the IMWL by paying Plaintiff and Class Members no wages or other form of compensation for the hours Plaintiff and Class Members worked as exotic dancers within Defendant's Miss Kitty's Gentlemen's Club; and (e) Defendant violated Plaintiff and Class Members' rights under the IWPCA by deducting or failing to reimburse a "stage rental fee" taken and collected by Defendant from Plaintiff and Class Members for each shift Plaintiff and Class Members worked as exotic dancers within Defendant's Miss Kitty's Gentlemen's Club. (ECF 53).

Defendant's Response consists of a one (1) paragraph, wholly conclusory argument by Defendant's counsel with no citations to the record or legal authority (ECF 55) and attached thereto, a two (2) sentence Affidavit of Gail Allen, void of any semblance of foundation or detail. (ECF 55-1). Defendant's Response must be disregarded by this Court as facially insufficient to satisfy the mandatory requirements necessary to oppose Summary Judgment under the Federal Rules and this Court's Local Rules. For this reason, and because Plaintiff's Motion provides this Court good cause and sound legal and factual support for all relief requested by Plaintiff, this Court should grant Plaintiff's Motion *in toto*.

## ARGUMENT

In responding to Plaintiff's Motion, Defendant may not simply rest upon the allegations contained in the pleadings but must present specific facts to show that a genuine issue of material fact exists. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 256-57 (1986); *Modrowski v. Pigatto*, 712 F.3d 116, 1168 (2013). A genuine issue of material fact is not demonstrated by the mere existence of "some alleged factual dispute between the parties," *Liberty Lobby*, 477 U.S. at 247, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Liberty Lobby*, 477 U.S. at 252.

Federal Rule 56 requires Defendant's Response to address Plaintiff's assertions of fact set forth within Plaintiff's Motion. *See* Fed. R. Civ. P. 56(e). To properly dispute an assertion of fact, the Defendant must (a) cite to specific parts of the record - - including deposition testimony, documentary evidence, affidavits or declarations, or other competent evidence - - in support of its position, or (b) demonstrate that the materials relied upon by Plaintiff in her Motion do not

Case 3:23-cv-01327-MAB     Document 56     Filed 01/27/25     Page 3 of 6     Page ID #301

establish the absence or presence of a genuine dispute. *See* Fed. R. Civ. P. 56(c)(1). Further, this Court's Local Rule 56.1(b) requires Defendant's Response "must contain a Response to [Plaintiff's] Statement of Material Facts." SDIL-LR 56.1(b). Further, the Local Rule provides:

> The response shall contain corresponding paragraphs to the Statement of Material Facts that state whether the fact is: (1) admitted; (2) disputed; (3) admitted in part and disputed in part (specifying which part is admitted and which part is disputed); or (4) not supported by the record citation. The disputed facts, or parts of facts, shall contain specific citation(s) to the record, including page number(s), upon which the opposing party relies, where available.

SDIL-LR 56.1(b).

Any material fact identified within the Statement of Material Facts included within Plaintiff's Motion not specifically disputed by Defendant in its Response is deemed admitted to the extent the fact is supported by evidence in the record. *See* SDIL-LR 56.1(g); *Keeton v. Morningstar, Inc.*, 667 F.3d 877, 880 (7th Cir. 2012); *Parra v. Neal*, 614 F.3d 635, 636 (7th Cir. 2010). Further, this "Court will disregard any asserted fact that is not supported with a citation to the record, unless the factual basis for the assertion is clearly identifiable from the parties' related citations or permissible inference." SDIL-LR 56.1(f).

Defendant's obligation under Local Rule 56.1, "is not a mere formality." *Delapaz v. Richardson*, 634 F.3d 895, 899 (7th Cir. 2011) (interpreting the Northern District of Illinois' substantially similar Local Rule 56.1) (internal quotation and citation omitted). "Rather, it follows from the obligation imposed by Fed. R. Civ. P. 56(e) on the party opposing summary judgment to identify specific facts that establish a genuine issue for trial." *Id*. "The Rule is intended to aid the district court, which does not have the advantage of the parties' familiarity with the record and often cannot afford to spend the time combing the record to locate the relevant information, in determining whether a trial is necessary." *Harris v. Alfonso*, 2025 U.S. Dist. LEXIS 495, at *5 (S.D. Ill Jan. 2, 2025) (internal quotation and citation omitted).

3

Here, Defendant's Response wholly fails to comply with the mandatory requirements of SDIL-LR 56.1(b).[2] Defendant's Response does not address, reference, or note disagreement with Plaintiff's Statement of Material Fact. Further, even if this Court were to interpret the totality of Defendant's Response as a general denial of Plaintiff's Statement of Material Facts, the Court cannot properly consider the same to oppose Summary Judgment as it is, in its entirety, a conclusory argument[3] entirely void of any citation to the record upon which it relies. *See Grant v. Trs. Of Ind. Univ.,* 870 F. 3d. 562 (7th Cir. 2017).[4] Finally, in addition to ignoring its own sworn answers to Interrogatories (Ex. 2), Defendant's opposition does not seek to be relieved of the consequence of Federal Rule 36(a)(3) and (b). Thus, those factual admissions (Ex. 3) are conclusively established.

---

[2] Insofar as Plaintiff took the extra step within her submission to identify the Local Rule and her compliance with its requirements in Footnote 4 of Plaintiff's Memorandum in Support of Plaintiff's Motion (ECF 54), it is inexplicable and frankly inexcusable for Defendant's Response to wholly ignore the Local Rule and its mandate. *See* SDIL-LR 56.1(j) (Local Rule 56.1 "applies equally to represented and *pro se* parties.").

[3] At best, the attached Affidavit by Gail Allen, whose foundation for personal knowledge to provide sworn testimony is wholly absent, states, "The dancers are independent contractors and in no way are treated as or act like employees of Miss Kitty's Inc." This unsupported legal conclusion by a presumed layperson cannot be considered by this Court as admissible evidence to defeat Summary Judgment. *See Brown v. Felten*, 2017 U.S. Dist. LEXIS 122947, at *6 (E.D. Wis. 2017) (holding that a *pro se* prisoner's "conclusory assertion" that a psychiatric nurse was not qualified to prescribe psychiatric medication was not enough to survive summary judgment).; *see also* Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.")

[4] "As the 'put up or shut up' moment in a lawsuit,' summary judgment requires a non-moving party to respond to the moving party's properly-supported motion by identifying specific, admissible evidence showing that there is a genuine dispute of material fact for trial. *Harney v. Speedway SuperAmerica*, LLC, 526 F.3d 1099, 1104 (7th Cir. 2008) (quoting *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003)). Such a dispute exists when there is sufficient evidence favoring the non-moving party to permit a trier of fact to make a finding in the non-moving party's favor as to any issue for which it bears the burden of proof. *Packer v. Trs. of Ind. Univ. Sch. of Med.*, 800 F.3d 843, 847 (7th Cir. 2015)." *Id.* at 568.

## CONCLUSION

At end, the facts of this case are not subject to genuine material dispute and fully support this Court's granting of Partial Summary Judgment finding Defendant liable: (i) to Plaintiff and the member of the IMWL Class for back wages at the "free and clear" Illinois Minimum Wage Rate for all hour worked as exotic dancers within Defendant's Club during the period April 2020, through the date of judgment, in an amount to be determined at trial, plus treble damages, and interest at the IMWL statutory rate; and (ii) to Plaintiff and each member of the IWPCA Class for all unreimbursed or deducted "stage rental fees" withheld or deducted by Defendant during the period April 2013, through the date of judgment, in an amount to be determined at trial, plus interest at the IWPCA statutory rate. For this reason, this Court should grant Plaintiff's Motion and award Plaintiff all relief requested in her proposed order attached thereto.

Respectfully submitted,

ATHENA HERMAN LAW, LLC

Dated: January 27, 2025

   /s/ *Athena M. Herman* (with consent)
Athena M. Herman, Esq., ARDC No. 6243625
416 Main St, Suite 811
Peoria, Illinois 61602
Telephone: (309) 966-0248
Email: athena@athenahermanlaw.com

ZIPIN, AMSTER & GREENBERG, LLC

  /s/ *Gregg C. Greenberg*
Gregg C. Greenberg, MD Fed Bar No. 17291
(To be Admitted *Pro Hac Vice*)
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Telephone: (301) 587-9373
Fax: (240) 839-9142
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiff and the Class*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 27th day of January 2025, a true and correct copy of Plaintiff's Reply to Defendant's Response in Opposition to Plaintiff's Motion for Partial Summary Judgment was served electronically, by and through the Court's ECF System, on all counsel of record.

                                                         */s/ Gregg C. Greenberg*
                                                         Gregg C. Greenberg