IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ISIS JONES, on behalf of herself and all other similarly situated individuals, | ) ) ) ) |
| Plaintiffs, | ) Case No. 3:23-CV-1327-MAB ) |
| vs. | ) ) |
| MISS KITTY'S, INC., | ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on the motion for partial summary judgment filed by Plaintiff Isis Jones (Doc. 53; *see also* Doc. 54). For the reasons explained below, Plaintiff's motion is denied without prejudice.

### BACKGROUND

Plaintiff Isis Jones filed this putative class/collective action in April 2023 on behalf of herself and other exotic dancers against Miss Kitty's Inc., alleging that Miss Kitty's failed to pay dancers any wages for the hours they worked, unlawfully required dancers to relinquish a portion of the tips they earned, and unlawfully charged dancers a stage fee for each shift that they worked (Doc. 1). Plaintiff asserted claims for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILL. COMP. STAT. 115/1 *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILL. COMP. STAT. 105/1 *et seq.* (Doc. 1).

Plaintiff's unopposed motion for class certification was granted in June 2024, and

classes were certified under Rule 23(b)(3) on Plaintiff's claims under the IWPCA and the IMWL (Doc. 33).[1] However, notice to the class members has yet to go out. While the notice itself and an opt-out form have both been agreed to by the parties (Doc. 36), identifying the potential class members to whom the notice should be sent has been problematic, to say the least (*see* Docs. 37, 40, 41, 43–45, 49, 51, 52). As last told, Defendant had produced photo identification cards for only eight Class Members and two sign-up sheets that contained stage names for 29 dancers (*see* Doc. 52).

Defendant's limited production prompted Plaintiff to file a motion for sanctions, in which she argued that Defendant failed preserve material information and documents relating to the putative Class Members' identities (Doc. 43, Doc. 44). Although the Court agreed that Defendant's limited production was questionable, Plaintiff's motion was ultimately denied because she failed to show that Defendant had destroyed any records, let alone that it had been done in bad faith (Doc. 52). The Court specifically noted that Plaintiff failed to present—and perhaps had not done any additional discovery to ascertain—facts as to what type of records Miss Kitty's kept in the normal course of business and what, if anything, happened to them (Doc. 52, pp. 7–9). In other words, Plaintiff filed her motion prematurely, without first laying the groundwork necessary to succeed on that motion.

---

[1] Plaintiff did not seek conditional certification of a collective action pursuant to 29 U.S.C. § 216(b) with respect to her FLSA claim. She indicated to the Court at the July 2, 2024, status conference that she was not moving forward on a collective basis and to the extent that she pursued a claim under the FLSA, it would only be as to her individually.

About a month and a half after the motion for sanctions was denied (and well before the discovery deadline and dispositive motion deadline), Plaintiff filed her motion for partial summary judgment, seeking a determination that Defendant is liable on the class-wide claims under the IWPCA and the IMWL (Doc. 54).² Defendant Miss Kitty's, Inc. filed a response in opposition, (Doc. 55), to which Plaintiff filed a reply (Doc. 56).

## DISCUSSION

The well-established and oft-repeated "standard operating procedure" in the Seventh Circuit is that "the class certification decision *and the attendant notice to the class* come before any decision on the defendant's liability." *Bakov v. Consol. World Travel, Inc.*, 68 F.4th 1053, 1057, 1060 (7th Cir. 2023) (emphasis added). *See also, e.g., Chavez v. Illinois State Police*, 251 F.3d 612, 629–30 (7th Cir. 2001) ("In most circumstances, a judge should determine whether to grant or deny certification prior to ruling on the merits . . . ."); *Mira v. Nuclear Measurements Corp.*, 107 F.3d 466, 475 (7th Cir. 1997) (instructing that the "preferred procedure" is for "district court to dispose of a motion for class certification promptly and *before* ruling on the merits of the case"); *Premier Elec. Const. Co. v. Nat'l Elec. Contractors Ass'n, Inc.*, 814 F.2d 358, 362 (7th Cir. 1987) ("[A] person's decision whether to be bound by the judgment—like the court's decision whether to certify the class—[should] come well in advance of the decision on the merits.").

This order of events is based on the language of Rule 23 and the rule against one-

---

² The Order denying Plaintiff's motion for sanctions was entered on November 5, 2024 (Doc. 52). Plaintiff filed her motion for partial summary judgment on December 17, 2024 (Doc. 53). The discovery deadline—February 19, 2025—was still two months away, and motions for summary judgment were not due until March 21, 2025 (Docs. 36, 38).

way intervention, that is allowing potential class members to wait to decide whether to enter a class action suit until after they know how the case will be decided. *Bakov,* 68 F.4th at 1058. *See also, e.g., Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1057 (7th Cir. 2016) (explaining the rule against one-way intervention); *Amati v. City of Woodstock*, 176 F.3d 952, 957 (7th Cir. 1999) ("The rule bars potential class members from waiting on the sidelines to see how the lawsuit turns out."). *Am. Pipe & Const. Co. v. Utah*, 414 U.S. 538, 547 (1974) ("The 1966 amendments [to Rule 23] were designed, in part, specifically . . . to assure that members of the class would be identified before trial on the merits and would be bound by all subsequent orders and judgments."); *Premier Elec.*, 814 F.2d at 362 (explaining how 1966 revision of Rule 23 ended the problem of "one-way intervention"); *Chavez,* 251 F.3d at 629–30 (text of Rule 23 indicates that certification decision should precede any merits decision); *Mira,* 107 F.3d at 475 (same).

As the Seventh Circuit has explained, "[i]f an individual plaintiff were to get a favorable ruling on the merits prior to certification—and its corresponding notice and opportunity to opt out—then class members are incentivized to remain in the lawsuit to take advantage of the favorable ruling." *Costello*, 810 F.3d at 1057 (citation omitted). But if an individual plaintiff got an unfavorable ruling on the merits, then class members are incentivized to opt out of the class and avoid being bound by the adverse decision; only the named plaintiff would be bound by a judgment in favor of the defendant. *Id. See also Bieneman v. City of Chicago,* 838 F.2d 962, 964 (7th Cir. 1988) (explaining the problem with making a decision on the merits prior to certification); *Premier Elec.*, 814 F.2d at 362 (same). "Allowing class members to decide whether or not to be bound by a judgment depending

on whether it is favorable or unfavorable is 'strikingly unfair' to the defendant." *Costello*, 810 F.3d at 1057 (citation omitted). *See also Am. Pipe*, 414 U.S. at 547 ("[I]t [is] unfair to allow members of a class to benefit from a favorable judgment without subjecting themselves to the binding effect of an unfavorable one."). Therefore, "a member of the class must cast his lot at the beginning of the suit and all parties are bound, for good or ill, by the results." *Premier Elec. Const.*, 814 F.2d at 362.

In this case, as previously noted, the classes have been certified but class members have not yet been provided with notice or an opportunity to opt out of the suit. Plaintiff did not acknowledge the authority holding that notice and an opportunity to opt out should occur *before* any ruling on the merits, nor did Plaintiff explain why the Court would be justified in *not* following the preferred procedure in this instance (*see* Doc. 53, Doc. 56). *See Bakov*, 68 F.4th at 1058 ("On rare occasion . . . the quirks of litigation result in situations where class certification decisions are justifiably postponed or revisited after liability has been determined."). It appears to the Court that Plaintiff has again put the cart before the horse by prematurely moving for partial summary judgment. Ruling on Plaintiff's motion now would potentially prejudice Defendant by creating an opportunity for one-way intervention, which is the very situation Rule 23 is meant to preclude. Specifically, if the Court were to rule in Defendant's favor, the ruling would bind only the named Plaintiff and not the other class members. Therefore, in the interest of fairness, the Court opts to deny Plaintiff's motion without prejudice to refiling once the group to be bound by the judgment has been defined.

This matter will be set for a status conference to discuss how to move this case

forward. The threshold issue will be whether Plaintiff intends to continue pursuing her claims under the IWPCA and IMWL on a class-wide basis or only as to herself individually. If it is the former, the Court must know where things stand in terms of identifying the absent class members and whether Plaintiff possesses the information necessary to provide individual notice to the absent class members. If the answer is "no," then the Court must know what Plaintiff plans to do next. For example, will she move to reopen discovery to obtain more information about the absent class members' identities or perhaps to obtain discovery on discovery; will she move for approval of an alternate method of notice;[3] will she make a renewed motion for sanctions; etc.? Additionally, whatever way Plaintiff chooses to go, the Court intends to discuss the schedule in this matter, specifically whether it is appropriate to set a new deadline for dispositive motions and, if so, what that deadline should be, and a realistic presumptive trial month.

## CONCLUSION

Plaintiff's motion for partial summary judgment (Doc. 53) is **DENIED without prejudice.** A status conference will be set by separate order.

IT IS SO ORDERED.

DATED: September 8, 2025

s/ Mark A. Beatty<br>
**MARK A. BEATTY**<br>
**United States Magistrate Judge**

---

[3] *See Hughes v. Kore of Indiana Enter., Inc.*, 731 F.3d 672, 677 (7th Cir. 2013) (must make "reasonable effort" to identify class members for the purpose of providing individual notice before alternate method of notice will be authorized); *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 665 (7th Cir. 2015) (types of notice must correspond with the value of the absent class members' interests).