# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS
# EAST ST. LOUIS DIVISION

| | |
|---|---|
| ISIS JONES )<br> )<br>*On Behalf of Herself and All Other* )<br>*Similarly Situated Individuals* )<br> )<br>          Plaintiff, )<br>v. )<br> )<br>MISS KITTY'S, INC. )<br> )<br>          Defendant. ) | Case No. 3:23-cv-01327-MAB |

## MOTION REQUESTING TELEPHONIC
## OR VIDEO STATUS CONFERENCE

Plaintiff Isis Jones ("Plaintiff"), through Counsel, submits her Motion requesting this Honorable Court schedule this case for a Telephonic or Video Status Conference at a time and date convenient to this Court, and in support thereof states as follows:

1. On September 22, 2025, this Court entered an Order directing the Parties to facilitate Class Notice to certified Class Members, directing the Parties to file a Status Report at the conclusion of the Class Notice period confirming full compliance therewith, and identifying the Court's intention following submission of the Status Report to determine appropriate next steps in this Case (the "Court's Order"). (Doc. 62).

1

2. On December 20, 2025, Plaintiff filed "Plaintiff's Status Report," therein notifying this Court of Plaintiff's full compliance with her obligations identified within the Court's Order. (Doc. 66).

3. Plaintiff's Status Report, however, notifies this Court that Plaintiff cannot represent to this Court if Defendant (a) is in possession of Class Member identifiers that were not timely supplemented to Plaintiff's counsel or (b) if Defendant fully complied with Paragraph 6 of the Court's Order, *to wit*, that the Notice **_and Opt-Out Form_** were **_each_** posted conspicuously within the locker room at Miss Kitty's for **_the entire period_** October 15, 2025, **_through December 15, 2025_**.

4. As of this date, Defendant has not addressed the foregoing concerns with this Court or certified its full compliance with the Court's Order.

5. Plaintiff's Status Report also alerts this Court to alleged "opt-out forms" Defendant's counsel represents Defendant obtained from Class Members but has not filed with this Court.

6. On December 20, 2025, upon learning of the alleged "opt-out forms," Plaintiff's counsel emailed Defendant's counsel, as follows:

> I think the proper thing in this circumstance is for you to promptly file Defendant's Status Report, therein (a) answering questions/unknown items raised in Plaintiff's Status Report, and (b) attach the forms to Defendant's Status Report with any Affidavit, Certificate, or other explanatory proffer you or Defendant can provide the Court answering how/why Defendant came into possession of the Opt-Out Forms and any known circumstances or contributing antecedent / causation / motivation for the Class Members' completion of the Opt-Out forms.

7. Defendant's counsel did not respond to Plaintiff's counsel's email.

8. On December 24, 2025, Plaintiff's counsel sent Defendant's counsel another email following up on the issues, stating:

> A review of the documents raises several concerning issues. 6 out of the 7 forms are dated in October (one is undated). Yet, Defendant never previously disclosed or identified any of these dancers, and no address or telephone number is included for any of them. Some names are illegible.
>
> Please explain how and when your client came into possession of these documents, why your client has not provided the contact information for any of these individuals, as well as an explanation concerning why these "opt-out forms" were not timely disclosed.

9. Defendant's counsel did not respond to this email.

10. The unexplained circumstances of Defendant obtaining the alleged Class Member "opt-out forms," followed by Defendant's failure to file the alleged "opt-out forms" with this Court, raises justifiable concerns the alleged "opt-out forms" are less than authentic or that Defendant obtained the alleged "opt-in forms" through misrepresentation, improper influence, or duress.

11. Plaintiff requests this Court set a Telephonic or Video Status Conference to evaluate Defendant's compliance with the Court's Order and to address Plaintiff's questions and concerns related to the alleged "opt-out forms."

12. Plaintiff further requests a Status Conference for reasons identified in Paragraph 10 of the Court's Order, *to wit*, to "determine appropriate next steps, which may include, for example, resetting deadlines for completing a Mandatory Mediation Session and Mandatory Mediation Program Completion, and reinstating Plaintiff's Motion for Partial Summary Judgment (Docs. 53,54)."

WHEREFORE, Plaintiff respectfully requests that this Court set this matter for a Status Conference.

Respectfully submitted,

ATHENA HERMAN LAW, LLC

Dated: February 13, 2026

　/s/ *Athena M. Herman, with consent*
Athena M. Herman, Esq., ARDC No. 6243625
416 Main St, Suite 811
Peoria, Illinois 61602
Telephone: (309) 966-0248
Email: athena@athenahermanlaw.com

ZIPIN, AMSTER & GREENBERG, LLC

　/s/ *Gregg C. Greenberg*
Gregg C. Greenberg, MD Fed Bar No. 17291
(Admitted *Pro Hac Vice*)
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
Telephone: (301) 587-9373
Fax: (240) 839-9142
Email: ggreenberg@zagfirm.com

*Counsel for Plaintiff and the Class Members*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of February 2026, a true and correct copy of Plaintiff's Motion was served electronically, by and through the Court's ECF System, on all counsel of record.

            _/s/ Gregg C. Greenberg_
            Gregg C. Greenberg