IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ISIS JONES,** on behalf of herself and all other similarly situated individuals, | ) ) ) ) |
| **Plaintiff,** | ) ) Case No. 3:23-CV-1327-MAB |
| vs. | ) ) ) |
| **MISS KITTY'S, INC.,** | ) ) |
| **Defendant.** | ) ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on Plaintiff's status report (Doc. 66) and Motion Requesting Telephonic or Video Conference (Doc. 67). However, for the reasons explained below, the Court does not believe that a telephonic or video status conference is sufficient to get this litigation back on track after Defendant has repeatedly failed to comply with Court Orders and deadlines. Rather, as outlined below, an in-person Show Cause Hearing is necessary.

### BACKGROUND

An Order was previously entered outlining the plan for providing the Class Action Notice and Opt-Out Form to putative class members (Doc. 62). It required Plaintiff to serve the Class Action Notice and Opt-Out Form by first class mail, text message, and publication in a local newspaper on two occasions (Doc. 62, pp. 3, 4–5). It required Defendant to post the Class Action Notice and Opt-Out Form in the dressing room at

Miss Kitty's Club from October 15, 2025, through December 15, 2025, and to submit periodic Notices of Compliance (Doc. 62, p. 3). The Order further required the parties to file a joint status report after the opt-out period closed (Doc. 62, p. 4). However, to date Defendant has filed only one Notice of Compliance (on November 21, 2025), certifying that the Class Action Notice was continuously posted in the locker room at Miss Kitty's from October 14, 2025, to November 4, 2025 (Doc. 64). In other words, Defendant has failed to file anything with the Court certifying its compliance to post the Notice and Opt-Out Form for the entire two-month period up to and including December 15, 2025.

Once the opt-out period was over, the parties did not file a joint status report, as ordered. Rather, Plaintiff filed her own status report, (Doc. 66), which the Court takes to mean that Plaintiff's attorneys were unable to obtain the cooperation of Defendant's attorney in order to submit a joint report. Plaintiff has confirmed to the Court that she satisfied each of the requirements assigned to her for providing Notice to the putative class members (Doc. 66).

Plaintiff's counsel also indicated that Defense counsel emailed them on December 11, 2025, to tell them he was in possession of several opt-out forms (Doc. 66, para. 6). Plaintiff's counsel responded, inquiring as to why Defense counsel he was in possession of the opt-out forms and how he came to possess them (*Id.*). Defense counsel replied that he thought they were left at Miss Kitty's Club and asked if Plaintiff's counsel wanted them (*Id.*). Plaintiff's counsel answered in the affirmative but still had not received them at the time they filed their status report on December 20, 2025 (Doc. 66, para. 7).

Approximately two months later, Plaintiff, apparently having received the opt-out notices from Defense counsel, filed her motion requesting a telephonic or video status conference (Doc. 67). In that motion, Plaintiff indicates that there are a number of concerning issues with the opt-out forms. Specifically, Plaintiff notes that six out of the seven forms are dated in October and one is undated (*Id.*). Moreover, some of the dancers' names on the opt-out forms are illegible, while the names that are legible were never previously disclosed or identified by Defendant (*Id.*). Nor do the opt-out forms include an address or telephone number for the dancers that signed them (*Id.*). Plaintiff's counsel indicates that they have raised these issues with Defense counsel, but Defense counsel has never responded (*Id.*). As a result, Plaintiff has been left wondering about the authenticity of these opt-out forms and/or whether they were procured through misrepresentation, improper influence, or duress (*Id.*).

In sum, Defendant has yet to confirm that it fully complied with the Court's previous Order by posting both the Class Action Notice and the Opt-Out Form conspicuously within the locker room at Miss Kitty's for the entire period of October 15, 2025, through December 15, 2025 (Doc. 62). Nor has Defendant explained to Plaintiff's counsel or the Court how it came to possess the opt-out forms. Defendant also did not provide the opt-out forms to Plaintiff's counsel or file them with the Court before the opt-out deadline on December 15, 2025, or provided any explanation for the delay.

Defendant's non-compliance with Court orders and lack of communication are part of a pattern of problematic behavior that Defendant and/or her counsel have exhibited since the inception of this case (*see, e.g.*, Doc. 33 (indicating Defendant failed to

respond to Plaintiff's Requests for Admission and failed to respond to Plaintiff's motion for class certification); Doc. 40 (failed to follow Court Order);  Doc. 49 (Show Cause Order for failure to respond to Plaintiff's motion for sanctions); Doc. 52 (discussing Defendant's abysmal and seemingly incomplete production of identifying information for dancers and lack of explanation)). The Defendant's consistent pattern of disregard for the Court's Orders and deadlines and the casual approach it has taken to this litigation in general must be addressed. Accordingly, the Court believes that a Show Cause hearing is necessary.

Defendant and its counsel are **ORDERED TO SHOW CAUSE** why they should not be held in civil contempt and sanctioned for failing to comply with the Court's Order to file periodic Notices of Compliance (*see* Doc. 62), for failing to file a status report after the opt-out period closed (*see* Doc. 62), for failing to file the opt-out forms with the Court, and for failing to furnish any type of explanation in response to Plaintiff's filings regarding its non-compliance and the opt-out forms in its possession (*see* Docs. 66, 67).

A Show Cause Hearing is **SET** for **March 18, 2026** at **1:30 p.m.** in the East St. Louis Courthouse before Magistrate Judge Mark A. Beatty. Defendant and Defense counsel **must appear in-person at the hearing.** An attorney for Plaintiff shall appear as well. Defendant and its counsel are warned that failure to appear at the Show Cause hearing may result in the imposition of sanctions, which could include fines and the entry of default.

In light of this Order, Plaintiff's Motion Requesting Telephonic or Video Conference (Doc. 67) is **MOOT.**

IT IS SO ORDERED.

DATED:  March 3, 2026

                                                                      <u>s/ Mark A. Beatty</u>
                                                                      **MARK A. BEATTY**
                                                                      **United States Magistrate Judge**